**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TIMOTHY MCMILLAN,

                          Plaintiff,                  9:21-CV-0889
     v.                                                    (LEK/CFH)

BOWERS, et al.,

                          Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

Timothy McMillan
Bellevue Shelter
400 E. 30th Street
New York, New York 10016
Plaintiff pro se

Attorney General for the State of New York      RACHAEL S. OUIMET, ESQ.
The Capitol                                                Assistant Attorney General
Albany, New York 12224
Attorney for Defendants Bowers and
Clapper

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff pro se Timothy McMillan ("plaintiff"), a former inmate who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Nurse Bowers, Nurse Clapper,[1] and Registered Nurse Clielliny – who, at all relevant times, were employed at Marcy Correctional Facility ("Marcy") – violated his constitutional rights under the Eighth Amendment.

---

[1] The correct spelling of this defendant's name is "Clapper," not "Clappermi." See Dkt. No. 18 ("the Clerk of the Court is respectfully requested to modify the docket accordingly").

See Dkt. No. 1 ("Compl."). Presently pending before the Court is defendants Bowers and Clapper's ("defendants") motion to dismiss pursuant to Rules 41(b) and 16(f)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). See Dkt. No. 33. For the following reasons, it is recommended that defendants' motion be granted.

**I.   Background**

Plaintiff commenced this action on August 9, 2021, while incarcerated at Marcy Correctional Facility. See Compl. On October 19, 2021, the Court granted plaintiff's in forma pauperis ("IFP") application and dismissed without prejudice all but plaintiff's Eighth Amendment deliberate indifference claims against defendants Bowers, Clapper, and Clielliny. See Dkt. No. 7. The Court also notified plaintiff of his duty "to promptly notify the Clerk's Office and all parties or their counsel of any change in his address," and advised him that his "failure to do so will result in the dismissal of this action[.]" Id. On December 27, 2021, defendants Bowers and Clapper filed their answer. See Dkt. No. 16.

Plaintiff's last interaction with the Court was on January 10, 2022, when the Court received plaintiff's "response" to defendants' answer.[2] Dkt. Nos. 19, 20. On February 3, 2022, the Court ordered that plaintiff file, within 30 days, "an affidavit with the Court showing cause why the claims asserted against defendant Clielliny should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve her with process[.]" Dkt. No. 25. The Court mailed this Decision & Order to plaintiff at Marcy, which was returned to the Court as undeliverable, labeled "Return to Sender – Released." Dkt. No. 26.

On April 11, 2022, the Court set a telephone status conference for April 27, 2022, and advised plaintiff that "fail[ure] to participate in Court ordered conferences or abiding by Court ordered deadlines may result in the imposition of sanctions to include dismissal of this action."

---

[2] The "response" has since been stricken from the record as the Court determined it was "unnecessary and not permitted since no counterclaims were asserted in the answer." Dkt. Nos. 19, 20.

Dkt. No. 29. The Court sent notice of the April 27 telephone status conference by regular mail to plaintiff's last known address at Marcy and by e-mail to Marcy. See Dkt. No. 30. Marcy responded to the e-mail service advising the Court that plaintiff is no longer in NYS DOCCS custody. See Text Min. Entry dated Apr. 11, 2022. The Court's April 11, 2022, Text Order and Order directing plaintiff's participation in the conference were returned as undeliverable, labeled "Return to Sender – Released." Dkt. No. 31.

On April 27, 2022, plaintiff failed to appear for the telephone status conference. See Text Min. Entry dated Apr. 29, 2022. On April 29, 2022, the Court granted defendants' request to file a motion to dismiss. See Dkt. No. 32. The Court sent notice of this Text Order by regular mail to plaintiff at Marcy and at the Bellevue Shelter ("Bellevue"), which Marcy provided as plaintiff's releasing address. See Dkt. No. 32; Ouimet Aff. ¶ 8. Both mailings were returned to the Court as undeliverable. See Dkt. Nos. 34-35.

On May 5, 2022, defendants Bowers and Clapper filed a motion to dismiss for lack of prosecution. See Dkt. No. 33. To date, plaintiff has not responded to defendants' motion to dismiss, nor has he engaged in any communication with the Court since his "response" to defendants' answer. See Dkt. No. 19.

## II. Discussion[3]

Defendants Bowers and Clapper request an order from the Court "dismissing the action, with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 16(f)(1) on the ground that plaintiff has failed to prosecute this action and comply with the Court's Orders." Dkt. No. 33-1 at 1.

### a. Fed. R. Civ. P. 41(b)

---

[3] Copies of all unpublished cases cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

First, defendants Bowers and Clapper move to dismiss the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  See Dkt. No. 33-1.  Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ."  FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see also N.D.N.Y. L.R. 41.2 (requiring dismissal when "it appears that the plaintiff has failed to prosecute an action . . .").  As Rule 41(b) is a "harsh remedy," it is "appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).  Further, "district courts . . . 'should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant.'" Davis v. Town of Hempstead, 597 F. App'x. 31, 32 (2d Cir. 2015) (summary order) (quoting Lucas, 84 F.3d at 535).  A determination whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,
(2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (additional citation omitted)).  "No one factor is dispositive." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)).  "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

### i. Duration

4

In considering the duration of the delay, the Court reviews two inquiries: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration."  Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)).  The primary focus of this inquiry is "whether or not the delay was caused by plaintiff's side as a whole."  Id.

Here, the delays were due to (1) plaintiff's failure to comply with Court orders to show cause regarding why the claims asserted against defendant Clielliny should not be dismissed pursuant to Fed. R. Civ. P. 4(m), and (2) plaintiff's failure to appear at the April 27, 2022, telephone status conference as directed by the Court.  See Dkt. Nos. 25, 30; Text Min. Entry dated Apr. 29, 2022.  Additionally, plaintiff failed to respond to defendants' motion to dismiss, despite being reminded of that duty and the consequences of failing to respond.  As such, plaintiff caused the delay in this case.  See Drake, 375 F.3d at 255.

As to whether plaintiff's failures were of significant duration, "there is no 'magic number'" for the length of the delay.  Copeland v. Rosen, 194 F.R.D. 127, 131-32 (S.D.N.Y. 2000) ("the Second Circuit has affirmed the dismissal of cases for delays of less than two months") (citing Lucas, 84 F.3d at 535) (additional citations omitted); Drake, 375 F.3d at 255.  The inquiry instead focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines.  Copeland, 194 F.R.D. at 132, 134.  Plaintiff has not participated in this case since filing his "response" to defendants' answer.  See Dkt. No. 19.

Significantly, plaintiff failed to "promptly notify" the Court and all parties with any change in his address, despite a warning that his "failure to do so may result in the dismissal of this action[.]"  Dkt. No. 7 at 12.  Due to this failure, all communications with plaintiff since February 3, 2022, have been returned as undeliverable.  See Dkt. No. 25, Dkt. No. 26, Dkt. No. 31, Dkt. No. 34, Dkt. No. 35.

5

Local Rule 41.2(a) provides, "the plaintiff's failure to take action for four . . . months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has stalled this case since January 10, 2022. See Dkt. No. 19. This is a significant delay, given that plaintiff provided no excuse for his failure to comply with Court orders and response deadlines. As such, this factor weighs in favor of dismissal.

### ii. Notice

The Court next assesses whether the plaintiff received express notice from the Court that further delays would result in dismissal. See Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). The Court's orders of October 19, 2021, April 11, 2022, and April 29, 2022, all state that plaintiff's failure to notify the Court and all parties of any change in address, abide by Court orders and deadlines, and participate in Court-ordered conferences could lead to the imposition of sanctions, including the dismissal of his case. See Dkt. No. 7 at 12; Dkt. No. 29; Dkt. No. 32. All orders were served on plaintiff at the address he had provided to the Court and his releasing address. See Dkt. No. 7 at 12; Dkt. No. 29; Dkt. No. 32. Thus, as plaintiff received express notice from the Court that failure to prosecute his case or update the Court with address changes could lead to dismissal of his case, this factor weighs in favor of dismissal.

### iii. Prejudice to Defendants

The third factor examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp., 682 F.3d at 43 (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Prejudice can be presumed in instances of unreasonable delay because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more

6

difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

Here, plaintiff failed to comply with multiple Court orders, despite warnings that his failure to comply would risk dismissal. See Dkt. No. 7 at 12, Dkt. No. 29, Dkt. No. 32. Plaintiff's actions unreasonably delayed the case such that prejudice to defendants can be presumed. See Shannon, 186 F.3d at 195. Although defendants have participated in court conferences, very little progress has been able to be made due to plaintiff's absence. Further, witnesses' and parties' recollection of these events have likely faded and will continue to fade. See Georgiadis v. First Bos. Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade"). Since plaintiff has failed to produce any discovery, access to relevant discovery would be impacted by further delay, including further delay of the parties' abilities to locate witnesses and preserve evidence. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible, [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal)). Further, this action has been pending since August 2021 and concerns an event that allegedly occurred in January 2020. See Compl. at 4. Thus, even if prejudice were not presumed, defendants have still been prejudiced by plaintiff's delays as the amount of time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence. See Id.; Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

### iv. Balancing the Court's and Plaintiff's Interests

The fourth factor requires "balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court

congestion" is necessary for this factor to weigh in favor of dismissal. Id. at 535-36. A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard. Shannon, 186 F.3d at 195. Further, a court's interest in managing its docket supersedes the plaintiff's interest in being heard when the plaintiff fails to "move [the] case toward trial." Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)). Here, the Court provided plaintiff multiple opportunities to be heard. See Dkt. No. 25, 29. Therefore, this factor weighs in favor of dismissal.

### v. Consideration of Lesser Sanctions

Finally, the Court must "adequately consider[] a sanction less drastic than dismissal." Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). Such responses include an extension of time or the imposition of a fine. See Drake, 375 F.3d at 257 ("[t]he trial court briefly considered the possibility of imposing a fine instead of dismissing the case outright"); Spencer v. Doe, 139 F.3d 107, 114 (2d Cir. 1998) ("[a] less drastic and more appropriate response would have been an extension of time"). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citing John B. Hull, Inc. v. Waterbury Petroleum Prods, Inc., 845 F.2d 1172, 1176-77 (2d Cir. 1988)). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Abbott Lab'ys, 319 F.R.D. 118, 122 (S.D.N.Y. 2016) (citing Blake v. Payane, No. 08 Civ. 930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2022) (additional citations omitted).

Plaintiff has not made any contact with the Court or defendants since the Court received plaintiff's "response" to defendants' answer. See Dkt. No. 19. As such, imposing a lesser

8

sanction would be ineffective because plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122 (citation omitted). Further, given that plaintiff has not provided an updated address, the Court is unable to establish contact with plaintiff. See Flynn v. Ward, No. 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the p]laintiff").

Even if the Court were to impose a lesser sanction, it would have to "adequately address the prejudice defendants had suffered" to be effective. Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice defendants suffered from the delay in the case as plaintiff is unlikely to be able to pay, and a fine does not mitigate the potential difficulty defendants could face in collecting evidence on an alleged incident that occurred in 2020. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions . . . [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff is proceeding IFP); Jackson v. United States, No. 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences) (citing Peters-Turnbull v. Bd. of Educ. of City of New York, No. 96-CV-4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999). As such, this factor also weighs in favor of dismissal.

Accordingly, it is recommended that dismissal for failure to prosecute be granted pursuant to Rule 41(b).

### b. Fed. R. Civ. P. 16(f)(1)

Defendants also move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 16(f)(1) for his failure to participate in the April 27, 2022, telephone conference. See Dkt. No. 33-1 at 6.

Fed. R. Civ. P. 16(f)(1) authorizes the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," where a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states, in relevant part, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  FED. R. CIV. P. 37(b)(2)(A).

As demonstrated above, all relevant considerations support the dismissal of plaintiff's action as he has not communicated with the Court or defendants since January 10, 2022, less than six months after commencing this action.  See Dkt. No. 19.  Moreover, plaintiff did not comply with the Court's February 3, 2022, Decision and Order.  See Dkt. No. 25.  Plaintiff also failed to participate in the Court's telephone conference despite receiving notice of the Court conference and being warned of the consequences of failing to participate.  See Dkt. No. 32.  The Court presumes that plaintiff did not receive Court communications since February 3, 2022, because plaintiff's mail was returned to the Court as undeliverable.  See Dkt. No. 26.  Thus, plaintiff also failed to comply with his obligation to "promptly notify the [Court] and all parties or their counsel, in writing, of any change in . . . address" despite being warned that "his failure to do so may result in the dismissal of this action."  Dkt. No. 7 at 12.  There is no indication that plaintiff's refusal to appear for the Court's conference is anything but willful.  The undersigned determines that the need to alleviate congestion on the Court's docket as well as the prejudice to defendants outweigh plaintiff's right for a further opportunity to be heard.  Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that dismissal be granted pursuant to Rule 16(f)(1).

### c. The Unserved Defendant

Plaintiff never properly identified or served any complaint on defendant Clielliny.  Under Fed. R. Civ. P. 4(m), "if a defendant is not served with 90 days after the complaint is filed, the

10

court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m).  The Local Rules shorten this time period for effectuating service to 60 days.  N.D.N.Y. L.R. 4.1(b).  The Second Circuit has said that "Rule 4 . . . is to be construed liberally," and that failure to serve a defendant will lead to dismissal "*unless it appears that proper service may still be obtained*." Romandette, 807 F.2d at 311 (citing Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972)) (alteration to original).  Moreover, Rule 4(m) gives the court discretion "to extend the time for service."  Jones v. Westchester Cnty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016) (citing Henderson v. United States, 517 U.S. 654, 662 (1996)) (additional citation omitted).

On February 2, 2022, the Court issued an Order giving plaintiff "30 days to file an affidavit with the Court showing cause why the claims asserted against defendant Clielliny should not be dismissed for failure to timely effectuate service of process on that individual." Dkt. No. 25.  The Court issued such order even though "the Local Rules of Practice for this Court required that the defendants be served with process on or before December 19, 2021." Id.  As plaintiff did not serve defendant Clielliny within 90 days of filing his complaint and has not responded to this Order, dismissal for failure to timely serve is warranted in accordance with Rule 4(m).

### d.  Dismissal Without Prejudice

The undersigned has considered all relevant factors and concludes that they weigh heavily in favor of dismissal.  Notwithstanding, in light of plaintiff's pro se status, it is recommended that the dismissal of the action be without prejudice as to defendants Bowers, Clapper, and Clielliny.  See Cintron v. Gettman, No. 9:15-CV-542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal without prejudice due to the plaintiff's failure to appear for two scheduled depositions), report and recommendation adopted, No. 9:15-CV-542 (BKS/TWD), 2017 WL 2303990 (N.D.N.Y. May 25, 2017); Nelson v.

VanHoesen, No. 9:20-CV-258 (GLS/CFH), 2022 WL 605741, at *4 (N.D.N.Y. Feb. 1, 2022) (recommending dismissal of the pro se plaintiff's complaint without prejudice for failure to prosecute where the plaintiff could not be reached at the address provided), report and recommendation adopted, No. 9:20-CV-258 (GLS/CFH), 2022 WL 602651 (N.D.N.Y. Mar. 1, 2022); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing the pro se plaintiff's complaint without prejudice where the plaintiff had been released from DOCCS custody and failed to provide the Court with an updated address or communicate with the Court for ten months). "When imposed, the sanction of dismissal 'operates as an adjudication [on] the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp, 682 F.2d at 43 (quoting FED. R. CIV. P. to the limited extent it seeks dismissal with prejudice. It is further recommended that the sua sponte dismissal of defendant Clielliny under Rule 4(m) be without prejudice.

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that defendants Bowers and Clapper's motion to dismiss for failure to prosecute, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 41 (Dkt. No. 33), be **GRANTED in part,** and plaintiff's complaint against defendants Bowers and Clapper be **DISMISSED in its entirety without prejudice**; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Fed. R. Civ. P. 41, defendant Bowers and Clapper's motion to dismiss for failure to prosecute (Dkt. No. 33) be **GRANTED in part**, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 16(f)(1), and that plaintiff's complaint against defendants Bowers and Clapper be **DISMISSED** in its entirety **without prejudice**; and it is further

**RECOMMENDED**, that defendants Bowers and Clapper's motion to dismiss, only insofar as it seeks dismissal with prejudice, be **DENIED**; and it is further

**RECOMMENDED**, that plaintiff's complaint as set forth against unserved defendant Clielliny be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 71 & 6(a).[4]

Dated: November 28, 2022
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).