UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TIMOTHY MCMILLAN,

                       Plaintiff,

   -against-                                     9:21-CV-0889 (LEK/CFH)

BOWERS, *et al.*,

                       Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Timothy McMillan brings this pro se action against Defendants Nurse Bowers, Nurse Clapper, and Registered Nurse Clielliny (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment rights arising out of his confinement at Marcy Correctional Facility ("Marcy C.F."). Dkt. No. 1 ("Complaint"). On May 5, 2022, Defendants filed a motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41 and Rule 16(f)(1) for failure to participate in a phone conference held on April 27, 2022. Dkt. No. 33 ("Motion"). On November 28, 2022, the Honorable Christian F. Hummel, United States Magistrate Judge, recommended the following: (1) Defendants' motion to dismiss for failure to prosecute pursuant to Rule 41 be granted in part, and Plaintiff's Complaint against Defendants be dismissed without prejudice; (2) Defendants' motion to dismiss for failure to prosecute be granted in part to the extent Defendants sought dismissal pursuant to Rule 16(f)(1) and Plaintiff's Complaint be dismissed without prejudice; (3) Defendants' motion to dismiss seeking dismissal *with* prejudice be denied; (4) and Plaintiff's claims against unserved Defendant Clielliny be dismissed without prejudice. Dkt. No. 36 ("Report-Recommendation") at 12–13.

No party has filed objections to the Report-Recommendation. See Docket. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

### A. Factual History

Plaintiff's factual allegations are detailed in Judge Hummel's Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–3.

### B. Report-Recommendation

In the Report-Recommendation, Judge Hummel recommended that Plaintiff's Complaint be dismissed for failure to prosecute pursuant to Rule 41(b). R. & R. at 9. Judge Hummel reached this conclusion after analyzing the five factors relevant to dismissing an action pursuant to Rule 41(b) that the Second Circuit discussed in Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). Id. Alternatively, Judge Hummel found that Plaintiff's Complaint should be dismissed pursuant to Rule 16(f)(1) because Plaintiff failed "to appear for the Court's conference." Id. at 10. Judge Hummel also concluded that Plaintiff's claims against Clielliny should be dismissed without prejudice because Plaintiff failed to timely serve her. Id. at 11.

## III. STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific

objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). See Docket. Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 36) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion to Dismiss for failure to prosecute (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 16, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge